*John W. Lewis, for appellant.*

*Hays, for appellee.*

---

SAMUEL DUNCAN'S ADMR. *v.* AMANDA JENKINS, ET AL.

Guardian and Ward—New Bond Releases Surety in Existing Bond—Accumulative Surety.

Where a guardian is allowed upon his own motion in the county court to execute a new bond for the express purpose of releasing from liability his surety upon his original bond, and the new bond is executed, approved and accepted by the court, the former surety of all liability whatever, and the new bond is not accumulative surety.

APPEAL FROM MARSHALL CIRCIUT COURT.   C. P. DIV.

January 6, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

This court by its decision in the case of *Watts v. Pettit's Heirs,*

*1st Bush, 155,* clearly recognizes the power of the county court under the provisions of the Act of March 10th, 1856, *1st Vol. Stanton's R. S., 581,* by requiring new bonds from statutory guardians to release the surety or sureties upon existing bonds from all liability on account of the same.

In this case the guardian of the appellees upon his own motion was allowed to execute a new bond for the express purpose of releasing Duncan from liability as his surety upon his original bond.

A new bond was executed and approved and accepted by the court and it is recited in the order itself, "That Samuel Duncan can be and he is hereby forever released from any further liability as one of the sureties in said bond."

The language of the statute is that "When the security of a guardian wished to be released as such, he shall apply to the county court," &c., and it is insisted that because of the fact that in this case the application was made by the guardian and not by the surety, that it does not come within the provisions of the statute and that Duncan's representative cannot claim that his intestate was absolutely released from liability, but only that the new bond was cumulative in its legal effect. We think that it may be safely assumed that the guardian made the application because of the fact that his surety Duncan wished to be released, and this fact of itself brings this case clearly within the reason of the statute.

We are of opinion that the appellants exceptions should have been sustained as to the claim of the appellees, and the action of the court below is reversed and the cause remanded for further proceedings consistent with this opinion.

*Palmer, for appellant.*

*Gilbert & Johnston, for appellee.*